# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

Kevin Kovacic and Tammy Kovacic,

          Plaintiffs,

v.

Oconto County Sheriff Todd Skarban,
Mary Ruechel, Dave Rosenfeldt, Officer Schwittay,
Officer School, Officer Kevin Christensen,
Officer Shearer, Officer Eric Thomson,
Officer Crum, Officer Orlando, Officer Robinson,
Officer Craig Huberty, Scott Buhrandt,
Jail Administrator Carol Kopp, Tony Mossakowski,
Jess Keplinger, Jordan Dycus, Oconto County,
and currently unknown Oconto County Sheriff
office employees,

          Defendants.

Case No. 23-CV-0642

## COMPLAINT

Plaintiffs Kevin Kovacic and Tammy Kovacic, through their attorneys Hale & Monico, LLC, complains of Defendants Oconto County Sheriff Todd Skarban, Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, Officer School, Officer Kevin Christensen, Officer Shearer, Officer Eric Thomson, Officer Crum, Officer Orlando, Officer Robinson, Officer Craig Huberty, Scott Buhrandt, Jail Administrator Carol Kopp, Tony Mossakowski, Jess Keplinger, Jordan Dycus, Oconto County, and currently unknown Oconto County Sheriff Office employees and state as follows:

## PARTIES

1. Plaintiff Kevin Kovacic is a United States citizen and was a resident of Wisconsin.

2. Plaintiff Tammy Kovacic is a United States citizen and a resident of Wisconsin.

1

3. Defendant Todd Skarban is the current Sheriff for Oconto County and is the final policymaker for the Oconto County Sheriff's Office.

4. Defendant Carol Kopp is the Jail Administrator for the Oconto County Jail, which is operated and managed by the Oconto County Sheriff's Office. Defendant Kopp may be a policymaker for the Jail as it concerns Jail policy, including the release of detainees.

5. Upon information and belief, Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, Officer School, Officer Kevin Christensen, Officer Shearer, Officer Eric Thomson, Officer Crum, Officer Orlando, Officer Robinson, Officer Craig Huberty, Scott Buhrandt, Jail Administrator Carol Kopp, Tony Mossakowski, Jess Keplinger, and Jordan Dycus were employees of the Oconto County Sheriff's Office and were acting within the scope of their employment and under color of law during the relevant time.

6. Oconto County was, upon information and belief, the employer of Individual Defendants during the relevant time. Under Wisconsin law, Oconto County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Oconto County is named as a party solely for indemnification purposes.

## JURISDICTION AND VENUE

7. This action arises under the Constitution of the United States and under the laws of the United States. Specifically, 42 U.S.C. §§ 1983 and 1988.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

9. Under 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Wisconsin as the events complained of occurred within this district.

# FACTUAL ALLEGATIONS

10. Plaintiff Tammy Kovacic is a licensed grower of hemp. She operates the business <u>Wautoma Cannabis Queen, LLC</u>, which is a lawful business and incorporated with the State of Wisconsin.

11. Under Wisconsin law, authorized individuals may plant, grow, cultivate, harvest, produce, sample, test, process, transport, take possession of, sell, import, and export hemp products that contain 0.3% or less of THC.[1][2]

12. On May 20, 2022, Plaintiffs were travelling from Waushara County, Wisconsin to a location in north-east Wisconsin. Plaintiffs were transporting hemp that had been planted, grown, cultivated, and harvested by Plaintiff Tammy Kovacic to be sold to a potential buyer. Plaintiffs were travelled in a vehicle registered to Plaintiff Tammy Kovacic.

13. All of the hemp being transported by Plaintiffs were properly stored in packaging and included a copy of the "Fit for Commerce Certificate" Plaintiff Tammy Kovacic received, establishing that the product was hemp and Plaintiff Tammy Kovacic could lawfully transport it.

14. On May 20, 2022, Plaintiffs were stopped by law enforcement officers.

15. Upon information and belief, Defendants Christensen, Shearer, Thomson, School and Crum were present during this traffic stop.

16. Despite all of the hemp being properly stored and labeled, Defendants Christensen, Shearer, Thomson, School and/or Crum seized some of the hemp products to conduct a test.

17. The test conducted by Defendants Christensen, Shearer, Thomson, School and/or Crum showed that the hemp tested was positive for THC.

18. However, Wisconsin laws allow for hemp to be transported and hemp does contain THC.

---

[1] WI Stat § 94.55 (2020).
[2] THC is the common acronym for delta-9-tetrahydrocannabinol, which is the primary psychoactive constituent of cannabis.

3

19. Defendants Christensen, Shearer, Thomson, School and/or Crum admitted to Plaintiffs that the test they had only tested for the presence of THC and did not distinguish hemp from other forms of the cannabis plant, such as marijuana.

20. Defendants Christensen, Shearer, Thomson, School and/or Crum admitted they "were not familiar with the hemp law" but took issue with Plaintiff Tammy Kovacic placing a copy of her "Fit for Commerce Certificate" with each package of hemp. There was nothing unlawful in how Plaintiff Tammy Kovacic packaged her hemp.

21. Despite Plaintiff Tammy Kovacic being a licensed hemp grower, the hemp being properly packaged and identified with a "Fit for Commerce Certificate," Plaintiffs informing Defendants Christensen, Shearer, Thomson, School and/or Crum, the test only being positive for THC and not specifically for an illegal substance, and telling the officers that the hemp belonged to Plaintiff Tammy Kovacic, Defendants Christensen, Shearer, Thomson, School and/or Crum arrested Plaintiff Kevin Kovacic.

22. There was no probable cause supporting the arrest of Plaintiff Kevin Kovacic.

23. Defendants Christensen, Shearer, Thomson, School and/or Crum seized the entirety of Plaintiff Tammy Kovacic's hemp.

24. There was no lawful justification for the seizure of Plaintiff Tammy Kovacic's hemp.

25. Plaintiff Kevin Kovacic was arrested at approximately 3:00 PM on May 20, 2022.

26. Plaintiff Kevin Kovacic was taken to the Oconto County Jail.

27. While being booked into the Oconto County Jail, Plaintiff Kevin Kovacic was subjected to a strip search by Defendant Ruechel and/or Rosenfeldt.

28. There was no justification for Plaintiff Kevin Kovacic's strip search.

29. On Monday, May 23, 2022 at 11:47 AM, Oconto County District Attorney Edward Burke sent an email correspondence to Defendants Kopp, Ruechel, Rosenfeldt, Buhrandt, Mossakowski, Keplinger, Dycus, and Thomson stating that Plaintiff Kevin Kovacic "may be released."

30. Plaintiff Kevin Kovacic was released on Monday, May 23, 2022 at 11:57 AM.

31. Between the time of his arrest at approximately 3:00 PM on Friday, May 20, 2022 and his release on Monday, May 23, 2022 at 11:57 AM, Plaintiff Kevin Kovacic was not taken before a court for an initial judicial determination of probable cause.

32. During Plaintiff's time in custody at the Oconto County Jail from Friday, May 20, 2022 through Monday, May 23, 2022, Plaintiff Kevin Kovacic was not permitted to take prescription medication for an injury to his heart despite Plaintiff Kevin Kovacic's request to be permitted to take the medication.

33. Plaintiff Kevin Kovacic's medical condition also severely limits the type of food he may consume. Specifically, Plaintiff Kevin Kovacic is only able to consume soft food or liquids, such as apple sauce or soup.

34. During Plaintiff's time in custody at the Oconto County Jail from Friday, May 20, 2022 through Monday, May 23, 2022, Plaintiff Kevin Kovacic was not provided a soft food meal and was unable to consume anything of substance.

35. On August 30, 2022 – over three months after Plaintiff Kevin Kovacic's arrest – Defendant Thomson sent portions of the seized hemp to Accelerated Laboratories for THC concentration/testing.

36. On November 7, 2022, Defendant Thomson received a report relating to testing performed Plaintiff Tammy Kovacic's hemp that was seized on May 20, 2022. The report established that the items seized from Plaintiff Tammy Kovacic were not illegal marijuana but lawful hemp.

37. It was at this time that Defendant Thomson notified Plaintiff Tammy Kovacic that she could recover possession of the lawful hemp.

38. By the time Plaintiff Tammy Kovacic was notified that she could retrieve the seized hemp, the hemp had lost all value and could no longer be sold to any purchaser.

**Oconto County Sheriff's Office Policy and Practice of Unreasonably Detaining Arrestees**

39. The Oconto County Sheriff's Office manages and operates the Oconto County Jail.

40. Defendant Skarban is the current Sheriff of Oconto County. As such, Defendant Skarban is the final policymaker for the Oconto County Sheriff's Office.

41. Defendant Kopp is the Oconto County Jail Administrator. As such, Defendant Kopp has been delegated control over the administration of the Oconto County Jail.

42. The Oconto County Sheriff's Office has a policy, practice, or custom of unreasonably detaining individuals arrested without a warrant longer than 48 hours depending upon when the individual is arrested.

43. If an individual is arrested by Oconto County Sheriff's Office deputies after approximately 8:00 on a Friday, the individual is booked into the Oconto County Jail and will not be taken before a judicial officer for an initial appearance and probable cause determination until the following Monday.

44. Upon information and belief, since 2020, at least 64 individuals who were arrested by the Oconto County Sheriff's Department on a Friday and were unreasonably detained without an initial appearance and probable cause determination until the following Monday – a detention longer than 48 hours.

45. There was no legally justified basis for these individuals to be detained longer than 48 hours without an initial appearance and probable cause determination. As such, each of these

individuals had their rights under the Fourth Amendment violated by the Oconto County Sheriff's Office.

46. The Oconto County Sheriff's Office's policy, practice, or custom of not presenting a detainee to an impartial judicial authority within 48 hours was the moving force behind the constitutional deprivations outlined above, including that of Plaintiff Kevin Kovacic.

## CLAIMS

### Count One
### 42 U.S.C. Section 1983 – False Arrest
### Plaintiff Kevin Kovacic against Defendants Christensen, Sheaver, Thomson, School, and Crum

47. Plaintiffs incorporate all allegations of this Complaint as though fully stated herein.

48. On May 20, 2022, there was no probable cause to arrest Plaintiff Kevin Kovacic for any criminal act.

49. Defendant School is identified at the "arresting officer" on Plaintiff Kevin Kovacic and was personally involved in Plaintiff Kevin Kovacic's arrest.

50. Upon information and belief, Defendants Christensen, Sheaver, Thomson, and Crum were present and either personally involved in Plaintiff Kevin Kovacic's arrest or failed to intervene to prevent the arrest despite an opportunity to do so.

51. The arrest of Plaintiff Kevin Kovacic was without probable cause and, as such, violated his rights under the Fourth Amendment.

52. As a result of the violation of his Fourth Amendment rights, Plaintiff Kevin Kovacic was injured and suffered damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Defendants Christensen, Sheaver, Thomson, School, and Crum on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

7

Case 1:23-cv-00642-WCG     Filed 05/22/23     Page 7 of 14     Document 1

### Count Two
### 42 U.S.C. Section 1983 – Unreasonable Search
### Plaintiff Kevin Kovacic against Defendants Ruechel and Rosenfeldt

53. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

54. Upon being received at the Oconto County Jail, Plaintiff Kevin Kovacic was subjected to a strip search by Defendant Ruechel and/or Rosenfeldt.

55. The strip search of Plaintiff Kevin Kovacic was unreasonable based on the totality of the circumstances and was a violation of Plaintiff Kevin Kovacic's rights under the Fourth Amendment.

56. As a result of the violation of his rights under the Fourth Amendment, Plaintiff Kevin Kovacic was injured and suffered damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Defendants Ruechel and Rosenfeldt on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Three
### 42 U.S.C. Section 1983 – Conditions of Confinement
### Plaintiff Kevin Kovacic against Defendants Keplinger, Dycus, Kopp, Ruechel, Rosenfeldt, Buhrandt, Mossakowski

57. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

58. During his time in custody, Plaintiff Kevin Kovacic made Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski aware of his serious medical need. Specifically, Plaintiff Kevin Kovacic's need to take prescription medication for his heart.

59. Despite this serious medical need, Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski did not permit Plaintiff Kevin Kovacic to take his prescription medication. There was no reasonable basis justifying the failure to provide Plaintiff Kevin Kovacic his prescription medication.

60. During his time in custody, Plaintiff Kevin Kovacic made Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski aware of his serious medical need. Specifically, Plaintiff Kevin Kovacic's inability to consume solid food and he requested a meal consisting of soup, apple sauce, or other soft food.

61. Despite this serious medical need, Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski did not permit Plaintiff Kevin Kovacic to consume soft food during his time in custody. There was no reasonable basis justifying the failure to provide Plaintiff Kevin Kovacic a soft food diet.

62. The failure of Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski to provide Plaintiff Kevin Kovacic his prescription medication and a soft food diet violated Plaintiff's rights under the Fourth Amendment.

63. As a result of the violation of his rights under the Fourth Amendment, Plaintiff Kevin Kovacic was injured and suffered damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Four
### 42 U.S.C. Section 1983 – Unreasonable Detention
### Plaintiff Kevin Kovacic against All Defendants

64. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

65. Plaintiff Kevin Kovacic was arrested on Friday, May 20, 2022 at approximately 3:00 PM.

66. Plaintiff Kevin Kovacic's arrest was not done pursuant to any warrant.

67. Plaintiff Kevin Kovacic was not released from custody of the Oconto County Jail – operated by the Oconto County Sheriff's Office – until Monday, May 23, 2022 at approximately 11:57 AM.

68. Plaintiff Kevin Kovacic was detained for a total of approximately 69 hours.

69. During the approximately 69 hours Plaintiff Kevin Kovacic was detained follow his warrantless arrest, Plaintiff Kevin Kovacic was never taken before a judicial officer for an initial appearance and determination of probable cause.

70. Upon information and belief, Defendants Oconto County Sheriff Todd Skarban, Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, Officer School, Officer Kevin Christensen, Officer Shearer, Officer Eric Thomson, Officer Crum, Officer Orlando, Officer Robinson, Officer Craig Huberty, Scott Buhrandt, Jail Administrator Carol Kopp, Tony Mossakowski, Jess Keplinger, and Jordan Dycus either participated in Plaintiff Kevin Kovacic's arrest on May 20, 2022, were present at the Oconto County Jail during Plaintiff Kevin Kovacic's time in custody between May 20 through May 23, or had knowledge of Plaintiff Kevin Kovacic's arrest on May 20, 2022 and the fact that he was being detained at the Octono County Jail.

71. The Fourth Amendment requires that all individuals arrested without a warrant be taken before a judicial officer within 48 hours of their arrest.

72. None of the Defendants took Plaintiff Kevin Kovacic before a judicial officer for an initial appearance and determination of probable cause within 48 hours of Plaintiff Kevin Kovacic's warrantless arrest.

73. The failure by Defendants to take Plaintiff Kevin Kovacic before a judicial officer for an initial appearance and determination of probable cause within 48 hours of his warrantless arrest violated Plaintiff Kevin Kovacic's Fourth Amendment rights.

74. As a result of the violation of his rights under the Fourth Amendment, Plaintiff Kevin Kovacic was injured and suffered damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Oconto County Sheriff Todd Skarban, Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, Officer School, Officer Kevin Christensen, Officer Shearer, Officer Eric Thomson, Officer Crum, Officer Orlando, Officer Robinson, Officer Craig Huberty, Scott Buhrandt, Jail Administrator Carol Kopp, Tony Mossakowski, Jess Keplinger, and Jordan Dycus on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

## Count Five
## 42 U.S.C. Section 1983 – *Monell*
## Plaintiff Kevin Kovacic against Defendants Sheriff Skarban and Kopp

75. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

76. The Oconto County Sheriff's Office manages and operates the Oconto County Jail.

77. Defendant Skarban is the current Sheriff of Oconto County. As such, Defendant Skarban is the final policymaker for the Oconto County Sheriff's Office.

78. Defendant Kopp is the Oconto County Jail Administrator. As such, Defendant Kopp has been delegated control over the administration of the Oconto County Jail.

79. There exists in the Oconto County Sheriff's Office a widespread policy, practice, or custom of unreasonably detaining individuals arrested on a Friday or Saturday longer than 48 hours without taking the arrestees to a judicial officer for an initial judicial determination of probable cause.

80. At least 64 individuals (including Plaintiff Kevin Kovacic) have been unreasonably detained by the Oconto County Sheriff's Office pursuant to this policy, practice, or custom.

81. This policy, practice, or custom was the moving force behind the violation of Plaintiff Kevin Kovacic's Fourth Amendment rights.

82. As a result of the violation of his Fourth Amendment rights pursuant to this policy, practice, or custom, Plaintiff Kevin Kovacic was injured and sustained damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Oconto County Sheriff Todd Skarban and Jail Administrator Carol Kopp on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

**Count Six**
**42 U.S.C. Section 1983 – Unreasonable Seizure and Due Process Violation**
**Plaintiff Tammy Kovacic against Defendants Christensen, Sheaver, Thomson, School, and Crum**

83. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

84. On May 20, 2022, legal hemp owned by Plaintiff Tammy Kovacic was seized by Defendants Chistensen, Sheaver, Thomson, School, and/or Crum.

85. There was no justifiable basis for these Defendants to seize the lawful property of Plaintiff Tammy Kovacic.

86. That property remained in the possession of the Octono County Sheriff's Department until December 2022, at which time Plaintiff Tammy Kovacic was notified that she could pick up her property.

87. At the time Plaintiff Tammy Kovacic was notified in December 2022 that her property could be returned, the lawful hemp had lost any and all value and could not be sold. In effect, the value of the hemp had been destroyed.

88. Plaintiff Tammy Kovacic was also not provided any notice on how to challenge the return of her property.

89. The seizure of Plaintiff Tammy Kovacic's lawful hemp was unreasonable and, as a result, violated Plaintiff Tammy Kovacic's rights under the Fourth Amendment.

90. The failure to provide Plaintiff Tammy Kovacic with any document identifying how she could challenge the seizure of the hemp or get the property returned violated Plaintiff Tammy Kovacic's rights under the Fourteenth Amendment.

91. As a result of the violation of Plaintiff Tammy Kovacic's Fourth and Fourteenth Amendment rights, she was injured and suffered damages.

Wherefore, Plaintiff Tammy Kovacic prays for judgment in her favor and against Defendants Chistensen, Sheaver, Thomson, School, and/or Crum on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

## Count Seven
## Indemnification
## Plaintiffs Kevin and Tammy Kovacic against Defendant Oconto County

92. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

93. Oconto County was, upon information and belief, the employer of Individual Defendants during the relevant time.

94. Under Wisconsin law, Oconto County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Oconto County is named as a party solely for indemnification purposes.

Wherefore, Plaintiffs Kevin and Tammy Kovacic prays for judgment in their favor and against Defendant Octono County on this claim and that Octono County be required to indemnify all other

13

Defendants for any award of compensatory damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

*/s/ Shawn W. Barnett*
sbarnett@halemonico.com
(312) 870-6905

Hale & Monico
53 West Jackson, Suite 334
Chicago, IL 60604
HaleMonico.com