IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Kevin Kovacic and Tammy Kovacic, )
)
                Plaintiffs, )
)
)
)
) Case No. 23-CV-0642
)
                v. )
)
Oconto County Sheriff Todd Skarban, )
Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, )
Officer School, Officer Kevin Christensen, )
Lt. Eric Thomson, Det. Sgt. Tony Crum, )
Officer Orlando, Det. Sgt. Tom Robinson, )
Officer Craig Huberty, Scott Buhrandt, )
Jail Administrator Carol Kopp, Tony Mossakowski, )
Jess Keplinger, Jordan Dycus, Oconto County, )
and currently unknown Oconto County Sheriff )
office employees, Forest County Sheriff John Dennee, )
Det. Sgt. Darell Wilson, Forest County, )
City of Crandon Police Chief Eric Bath, )
Ofc. Steve Ashbeck, the City of Crandon, )
Oneida County Sheriff Grady Hartman, )
currently unknown Oneida County Sheriffs Office )
employees, and Oneida County, )

                Defendants.

## AMENDED COMPLAINT

Plaintiffs Kevin Kovacic and Tammy Kovacic, *pro se*, complains of Defendants Oconto County Sheriff Todd Skarban, Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, Officer School, Officer Kevin Christensen, Lt. Eric Thomson, Det. Sgt./Lt. Tony Crum, Officer Orlando, Det. Sgt. Tom Robinson, Officer Craig Huberty, Scott Buhrandt, Jail Administrator Carol Kopp, Tony Mossakowski, Jess Keplinger, Jordan Dycus, Oconto County, and currently unknown Oconto County Sheriff Office employees, Forest County Sheriff John Dennee, Det.

1

Sgt. Darrell Wilson, currently unknown Forest County Sheriff office employees, Forest County, the City of Crandon police chief Eric Bath, Ofc. Steve Ashbeck, The City of Crandon, Oneida County Sheriff Grady Hartman, currently unknown Oneida County Sheriff office employees, and Oneida County state as follows:

## PARTIES

1. Plaintiff Kevin Kovacic is a United States citizen and was a resident of Michigan, on the date in question.

2. Plaintiff Tammy Kovacic is a United States citizen and a resident of Wisconsin.

3. Defendant Todd Skarban is the current Sheriff for Oconto County and is the final policymaker for the Oconto County Sheriff's Office.

4. Defendant Carol Kopp is the Jail Administrator for the Oconto County Jail, which is operated and managed by the Oconto County Sheriff's Office. Defendant Kopp may be a policymaker for the Jail as it concerns Jail policy, including the release of detainees.

5. Upon information and belief, Mary Ruechel, Dave Rosenfeldt, Officer Schwittay, Officer School, Officer Kevin Christensen, Lt. Eric Thomson, Officer Orlando, Officer Craig Huberty, Scott Buhrandt, Jail Administrator Carol Kopp, Tony Mossakowski, Jess Keplinger, and Jordan Dycus were employees of the Oconto County Sheriff's Office and were acting within the scope of their employment and under color of law during the relevant time.

6. Oconto County was, upon information and belief, the employer of Individual Defendants during the relevant time. Under Wisconsin law, Oconto County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Oconto County is named as a party solely for indemnification purposes.

2

7. Defendant John Dennee is the current Sheriff for Forest County and is the final policymaker for the Forest County Sheriff's Office.

8. Upon information and belief, Det. Sgt./Lt. Tony Crum, Det. Sgt. Tom Robinson, and Det. Sgt. Darrell Wilson, were employees of the Forest County Sheriff's Office and were acting within the scope of their employment and under color of law during the relevant time.

9. Forest County was, upon information and belief, the employer of Individual Defendants Det. Sgt./Lt. Crum, Det. Sgt. Robinson, and Det. Sgt. Darrell Wilson, during the relevant time. Under Wisconsin law, Forest County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Forest County is named as a party solely for indemnification purposes.

10. Defendant, Chief Eric Bath, City of Crandon Police Department, is the final policymaker for the City of Crandon Police Department.

11. Upon information and belief, Ofc. Steve Ashbeck, was an employee of the City of Crandon and was acting within the scope of his employment and under color of law during the relevant time.

12. The City of Crandon was, upon information and belief, the employer of Individual Defendant Ofc. Steve Ashbeck, during the relevant time. Under Wisconsin law, the City of Crandon is required to indemnify city employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. The city of Crandon is named as a party solely for indemnification purposes.

13. Defendant Grady Hartman is the Sheriff of Oneida county and is the final policymaker for the Oneida County Sheriff's Office.

14. Upon information and belief, Defendants were employees of the Oneida County Sheriff's Office and were acting within the scope of their employment and under color of law during the relevant time.

15. The Oneida County Sheriff's Office was, upon information and belief, the employer of unknown Defendants during the relevant time. Under Wisconsin law, Oneida County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Oneida County is named as a party solely for indemnification purposes.

## JURISDICTION AND VENUE

16. This action arises under the Constitution of the United States and under the laws of the United States. Specifically, 42 U.S.C. §§ 1983, 1988.

17. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

18. Under 28 U.S.C. § 1391(b)(2), venue is proper in the United States District Court for the Eastern District of Wisconsin as the events complained of occurred within this district.

## FACTUAL ALLEGATIONS

19. Hemp[1] production was legalized federally under the 2014 and 2018 U.S. Farm Bills, which required states to implement hemp production programs, and removed hemp from the controlled substances act. States are prohibited from interfering with the shipment of lawfully produced hemp transiting through its territory.[2]

20. Wisconsin's program was codified by Wis. Stat. § 94.55 and Wis. Admin. Code ch.

---

[1] Hemp is defined as Cannabis Sativa L. containing a concentration of less than 0.3% THC. *Wis. Stat. § 94.55(1)*.
[2] Section 10114 (b) of the 2018 Farm Bill

4

ATCP 22, in order to "...regulate hemp activities only to the extent required under federal law and in a manner that allows...the greatest possible opportunity to engage in those activities."[3] Wis. Stat. § 961.32(3) permits the possession of hemp, at under a 0.3% THC concentration, and protects from prosecution those who are in compliance with Wis. Stat. § 94.55.

21. Hemp legalization required law enforcement to utilize the 4-AP cannabis typification test, and to not rely on the Duquenois-Levine, (D/L), reagent test, because lawful hemp does contain some THC. The 4-AP and similar cannabis typification tests, have been in use by law enforcement agencies nation wide, since 2019, and have also been adopted by the United States Drug Enforcement Agency.

22. In April 2020 the Wisconsin State Crime Laboratories, in a bulletin to law enforcement, recommended that the 4-AP test be incorporated into Wisconsin law enforcement's analytical scheme for cannabis field testing, and clarified that the D/L reagent test cannot differentiate between hemp and marijuana, thus it should not be used. The Wisconsin State Crime Laboratory has, beginning in May of 2020, issued further guidance on the correct field testing of suspected marijuana.

23. Defendants used a Nark II Duquenois/Levine Reagent Test Kit #05, to field test Plaintiffs hemp. The manufacturer of this test, Sirchie, clearly instructs[4] that "In states where the sale of CBD (cannabinoid) oil and hemp is legal, this test should NOT BE USED, (Emph./Orig.), as everything tested will be positive. NARK II Duquenois-Levine Reagent is a qualitative test, not quantitative. It does not distinguish between 3% or 20% THC. It only establishes that, presumptively, THC is present."[5]

24. Under Wisconsin laws,[6] authorized individuals may plant, grow, cultivate, harvest,

---

[3] Wis. Stat. § 94.55(2)(b)2.
[4] In testing instructions dating from 2020.
[5] https://www.sirchie.com/nark-ii-duquenois-levine-reagent-marijuana-hashish-hash-oil-thc.html
[6] Wis. Stat § 94.55, Wis. Admin. Code ch. ATCP 22, Wis. Stat. § 961.32 (3).

produce, sample, test, process, transport, take possession of, sell, import, and export hemp products that contain 0.3% or less of THC.[7]

25.     Wis. Stat. § § ATCP 22.13 and 22.14 require a copy of the grower or processor license and a copy of the Fit for Commerce Certificate to accompany all hemp being transported.

26.     Plaintiff Tammy Kovacic is a licensed grower of hemp. She operates the business Wautoma Cannabis Queen, LLC, which is a lawful business and incorporated with the State of Wisconsin.

27.     On May 20, 2022, Plaintiffs were traveling from Waushara County, Wisconsin to a location in north-east Wisconsin, with the ultimate destination being Kevin Kovacic's home in Menominee, Michigan. Plaintiffs were transporting hemp that had been planted, grown, cultivated, and harvested by Plaintiffs Tammy and Kevin Kovacic, in Wisconsin, to be sold to a potential buyer. Plaintiffs were traveling in a vehicle registered to Plaintiff Tammy Kovacic.

28.     All of the hemp being transported by Plaintiffs was properly stored in vacuum sealed packaging and included a required copy of the "Fit for Commerce Certificate"[8] Plaintiff Tammy Kovacic received, establishing that the product was hemp and Plaintiff Tammy Kovacic could lawfully transport it.

29.     On May 20, 2022, Plaintiffs were stopped by law enforcement officers working as members of the Northeast Tri-County Drug Enforcement Group, a multi-jurisdictional criminal drug interdiction task force, for an alleged window tint violation. The ticket issued for the violation[9] has since been dismissed because the window tints were proven to be legal under

---

[7] THC is the acronym for delta-9-tetrahydrocannabinol, which is the primary psychoactive constituent of cannabis.
[8] ATCP 22.13 - Issued by Wisconsin Department of Agriculture, Trade and Consumer Protection, (WDATCP), once the hemp has been tested and confirmed to be legal. Certificate contains contact info, lab results and the requirements for transporting hemp.
[9] Oconto County ticket #BD972743

Wisconsin law.[10]

30. Upon information and belief, members of the Northeast Tri-County Drug Enforcement Group receive ongoing training specific to drug recognition, identification, enforcement and the relevant laws pertaining to drugs.

31. Upon information and belief, Defendants Christensen, Thomson, School, Crum, Robinson, Ashbeck and Wilson were present during this traffic stop, and are members of a specialized drug task force.

32. Despite all of the hemp being properly stored and labeled, and accompanied by all the required permits and paperwork, Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum seized some of the hemp products to conduct a test.

33. The test conducted by Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum showed that the hemp tested was positive for THC. However, Wisconsin laws allow for hemp to be transported and hemp does contain THC.

34. The required "Fit for Commerce Certificate" which included the lab testing results, clearly stated that the plant material contained THC, and the level was 0.2%, below the 0.3% limit, making it legal to possess and transport.

35. Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum admitted to Plaintiffs that the test they had only tested for the presence of THC and did not distinguish hemp from other forms of the cannabis plant, such as marijuana. This is contrary to the 2021 Wisconsin State Crime Laboratories, Division of Forensic Sciences Evidence Handbook, which is a "Comprehensive guide for law enforcement and criminal justice professionals in Wisconsin"[11] according to the Wisconsin Department of Justice. The

---

[10] Wis. Admin. Code § Trans 305.32(4)(b)
[11] https://www.doj.state.wi.us/sites/default/files/EvidenceHandbook_v10.pdf

handbook also states, on p. 242, that the 4-AP test "...should be used in addition to the Duquenois-Levine test."

36. Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum admitted they "were not familiar with the hemp laws" but took issue with Plaintiff Tammy Kovacic placing a copy of her "Fit for Commerce Certificate" with each package of hemp. A copy of the "Fit for Commerce Certificate" must accompany any hemp being transported, as does the growers license. There was nothing unlawful in how Plaintiff Tammy Kovacic packaged her hemp, nor was there any reason for law enforcement to believe she was engaging in anything but lawful commerce.

37. Despite Plaintiff Tammy Kovacic being a licensed hemp grower, the hemp being properly packaged and identified with a "Fit for Commerce Certificate," and accompanied by all required permits, by Plaintiffs informing Defendants Christensen, Thomson, School Robinson, Ashbeck, Wilson and/or Crum, the test only being positive for THC, which is legal at concentrations below 0.3%[12] and not specifically for an illegal substance, that there is a test,[13] for use solely by law enforcement, to determine if the material is hemp or marijuana, and by telling the officers that the hemp belonged to Plaintiff Tammy Kovacic, Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum arrested Plaintiff Kevin Kovacic.

38. There was no probable cause supporting the arrest of Plaintiff Kevin Kovacic.

39. Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum seized the entirety of Plaintiff Tammy Kovacic's hemp.

---

[12] Hemp containing less than 0.3% THC is not a controlled substance under Wis. Stat. § 961.32 (3), if one is otherwise in compliance with Wis. Stat. § 94.55.
[13] NARK II Hemp/CBD screening test, #Nark20034.

40. There was no lawful justification for the seizure of Plaintiff Tammy Kovacic's hemp.

41. Plaintiff Kevin Kovacic was arrested at approximately 3:00 PM on May 20, 2022.

42. Plaintiff Kevin Kovacic was taken to the Oconto County Jail.

43. On Monday, May 23, 2022 at 11:47 AM, Oconto County District Attorney Edward Burke sent an email correspondence to Defendants Kopp, Ruechel, Rosenfeldt, Buhrandt, Mossakowski, Keplinger, Dycus, and Thomson stating that Plaintiff Kevin Kovacic "may be released."

44. Plaintiff Kevin Kovacic was released on Monday, May 23, 2022 at 11:57 AM.

45. During Plaintiff's time in custody at the Oconto County Jail from Friday, May 20, 2022 through Monday, May 23, 2022, Plaintiff Kevin Kovacic was not permitted to take prescription medication for an injury to his heart despite Plaintiff Kevin Kovacic's request to be permitted to take the medication.

46. Plaintiff Kevin Kovacic's medical condition also severely limits the type of food he may consume. Specifically, Plaintiff Kevin Kovacic is only able to consume soft food or liquids, such as apple sauce or soup.

47. During Plaintiff's time in custody at the Oconto County Jail from Friday, May 20, 2022 through Monday, May 23, 2022, Plaintiff Kevin Kovacic was not provided a soft food meal and was unable to consume anything of substance.

48. Plaintiff Kevin Kovacic required emergency medical attention at in Aurora Healthcare Oshkosh, immediately upon his release from custody. Kovacic was severely dehydrated and had lost several pounds while in custody.

49. On August 30, 2022 – over three months after Plaintiff Kevin Kovacic's arrest – Defendant Thomson sent portions of the seized hemp to Accelerated Laboratories for THC

concentration testing, at the repeated requests of Plaintiffs.

50. On November 7, 2022, Defendant Thomson received a report relating to testing performed Plaintiff Tammy Kovacic's hemp that was seized on May 20, 2022. The report established that the items seized from Plaintiff Tammy Kovacic were not illegal marijuana but lawful hemp.

51. It was at this time that Defendant Thomson notified Plaintiff Tammy Kovacic that she could recover possession of the lawful hemp.

52. By the time Plaintiff Tammy Kovacic was notified that she could retrieve the seized hemp, the hemp had lost all value and could no longer be sold to any purchaser.

## CLAIMS

### Count One
### 42 U.S.C. Section 1983 – False Arrest
### Unlawful Seizure and Due Process Violations
### Plaintiff Kevin Kovacic against Defendants
### Christensen, Thomson, Ashbeck, School, Robinson,
### Wilson, Crum and Unknown Defendants

53. Plaintiffs incorporate all allegations of this Complaint as though fully stated herein.

54. On May 20, 2022, there was no probable cause to arrest Plaintiff Kevin Kovacic for any criminal act.

55. Defendant School is identified at the "arresting officer" on Plaintiff Kevin Kovacic and was personally involved in Plaintiff Kevin Kovacic's arrest.

56. Upon information and belief, Defendants Christensen, Robinson, Ashbeck, Wilson, Thomson, and Crum were present and either personally involved in Plaintiff Kevin Kovacic's arrest or failed to intervene to prevent the arrest despite an opportunity to do so.

57. Defendants did not use the current and recommended testing procedures on the hemp,

10

and also failed to make any investigations into the proper permitting required of hemp or the requirements for lawful transport of hemp.

58. The plant material in question was confirmed to contain THC, at a lawful level by the State of Wisconsin Bureau of Laboratory Services. The use by Defendants of the incorrect test that only detects the presence THC and not the correct 4-AP cannabis typification test, which was contrary to current procedures and best practices, as the basis to justify the unlawful arrest and seizure, violated Kovacic's rights under the Fourth Amendment.

59. The arrest of Plaintiff Kevin Kovacic was without probable cause and, as such, violated his rights under the Fourth Amendment.

60. As a result of the violation of his Fourth Amendment rights, Plaintiff Kevin Kovacic was injured and suffered damages.

61. Defendants actions, under color of law, unlawfully deprived Plaintiff Kevin Kovacic of liberty, in violation of his rights granted by the Fourteenth Amendment.

62. As a result of the violation of his Fourteenth Amendment rights, Plaintiff Kevin Kovacic was injured and suffered damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson and Crum on this claim and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

## Count Three
## 42 U.S.C. Section 1983 – Conditions of Confinement
## Plaintiff Kevin Kovacic against Defendants Keplinger, Dycus, Kopp, Ruechel, Rosenfeldt, Buhrandt, Mossakowski

63. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

64. During his time in custody, Plaintiff Kevin Kovacic made Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski aware of his serious medical need. Specifically, Plaintiff Kevin Kovacic's need to take prescription medication for his heart.

65. Despite this serious medical need, Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski did not permit Plaintiff Kevin Kovacic to take his prescription medication. There was no reasonable basis justifying the failure to provide Plaintiff Kevin Kovacic his prescription medication.

66. During his time in custody, Plaintiff Kevin Kovacic made Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski aware of his serious medical need. Specifically, Plaintiff Kevin Kovacic's inability to consume solid food and he requested a meal consisting of soup, apple sauce, or other soft food.

67. Despite this serious medical need, Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski did not permit Plaintiff Kevin Kovacic to consume soft food during his time in custody. There was no reasonable basis justifying the failure to provide Plaintiff Kevin Kovacic a soft food diet.

68. The failure of Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski to provide Plaintiff Kevin Kovacic his prescription medication and a soft food diet violated Plaintiff's rights under the Fourth Amendment.

69. As a result of the violation of his rights under the Fourth Amendment, Plaintiff Kevin Kovacic was injured and suffered damages.

Wherefore, Plaintiff Kevin Kovacic prays for judgment in his favor and against Defendants Keplinger, Dycus, Kopp, Ruchel, Rosenfeldt, Buhrandt, and/or Mossakowski on this claim

and for an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Six
### 42 U.S.C. Section 1983 – Unreasonable Seizure and Due Process Violations
### Plaintiff Tammy Kovacic against Defendants Christensen, Thomson, School, Robinson, Ashbeck, Wilson, Crum and Unknown Defendants

70. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

71. On May 20, 2022, legal hemp owned by Plaintiff Tammy Kovacic was seized by Defendants Chistensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum.

72. Plaintiff was involved in lawful commerce, in full compliance with all relevant laws and regulations, of which Defendants claimed to be unaware of. Defendants had the capability to determine THC content, via field testing, but it was not utilized. Defendants did not use the tools specifically available only to law enforcement,[14] from both the State of Wisconsin and the USDA, which are available online 24 hours a day, and by phone[15] from 8 a.m. to 5 p.m., which can be used to confirm the legitimacy of permits and/or a growers license as well as all regulations pertaining to hemp.

73. Plaintiff had more than the required documentation in her possession, that proved she was in full compliance with all laws, in a folder, which Defendants refused to open and look at, even thought body camera footage clearly shows the folder in the hands of Defendants.

74. The Defendants determined Plaintiffs lawful hemp was illegal marijuana by using the incorrect D/L reagent test which law enforcement in Wisconsin had been directed, in 2020, 2021 and 2022, to <u>not</u> use on suspected hemp, as it could not differentiate hemp and

---

[14] https://www.ams.usda.gov/rules-regulations/hemp/information-law-enforcement

[15] (844) 449-4367

13

marijuana, and could only detect the presence of THC, as the basis for seizing the hemp.

75. There was no justifiable basis for these Defendants to seize the lawful property of Plaintiff Tammy Kovacic.

76. That property remained in the possession of the Oconto County Sheriff's Department until December 2022, at which time Plaintiff Tammy Kovacic was notified that she could pick up her property.

77. At the time Plaintiff Tammy Kovacic was notified in December 2022 that her property could be returned, the lawful hemp had lost any and all value and could not be sold. In effect, the value of the hemp had been destroyed.

78. Plaintiff Tammy Kovacic was also not provided any notice on how to challenge the return of her property. The seizure of Plaintiff Tammy Kovacic's lawful hemp was unreasonable and, as a result, violated Plaintiff Tammy Kovacic's rights under the Fourth Amendment.

79. The failure to provide Plaintiff Tammy Kovacic with any document identifying how she could challenge the seizure of the hemp or get the property returned violated Plaintiff Tammy Kovacic's rights under the Fourteenth Amendment.

80. The unlawful deprivations of Plaintiff Tammy Kovacic's liberty and property, by the Defendants, under color of law, violated Plaintiff Tammy Kovacic's rights under the Fourteenth Amendment.

81. As a result of the violation of Plaintiff Tammy Kovacic's Fourth and Fourteenth Amendment rights, she was injured and suffered damages.

Wherefore, Plaintiff Tammy Kovacic prays for judgment in her favor and against Defendants Chistensen, Thomson, School, Robinson, Ashbeck, Wilson and/or Crum on this claim and for

an award of compensatory and punitive damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Seven
### Indemnification
### Plaintiffs Kevin and Tammy Kovacic against Defendant Oconto County

82. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

83. Oconto County was, upon information and belief, the employer of Individual Defendants during the relevant time.

84. Under Wisconsin law, Oconto County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Oconto County is named as a party solely for indemnification purposes.

Wherefore, Plaintiffs Kevin and Tammy Kovacic prays for judgment in their favor and against Defendant Oconto County on this claim and that Oconto County be required to indemnify all other Defendants for any award of compensatory damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Eight
### Indemnification
### Plaintiffs Kevin and Tammy Kovacic against Defendant Forest County

85. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

86. Forest County was, upon information and belief, the employer of Individual Defendants during the relevant time.

87. Under Wisconsin law, Forest County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring

within the scope of their employment. Forest County is named as a party solely for indemnification purposes.

Wherefore, Plaintiffs Kevin and Tammy Kovacic prays for judgment in their favor and against Defendant Forest County on this claim and that Forest County be required to indemnify all other Defendants for any award of compensatory damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Nine
### Indemnification
### Plaintiffs Kevin and Tammy Kovacic against Defendant City of Crandon

88. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

89. The City of Crandon was, upon information and belief, the employer of Individual Defendants during the relevant time.

90. Under Wisconsin law, the City of Crandon is required to indemnify it's employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. is named as a party solely for indemnification purposes.

Wherefore, Plaintiffs Kevin and Tammy Kovacic prays for judgment in their favor and against Defendant the City of Crandon on this claim and that the City of Crandon be required to indemnify all other Defendants for any award of compensatory damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

### Count Ten
### Indemnification
### Plaintiffs Kevin and Tammy Kovacic against Defendant Oneida County

91. Plaintiffs incorporate all allegations of this Complaint as though fully set forth herein.

92. Oneida County was, upon information and belief, the employer of unknown Individual

Defendants during the relevant time.

93. Under Wisconsin law, Oneida County is required to indemnify county employees – including Individual Defendants – for any judgment entered against them for acts occurring within the scope of their employment. Oneida County is named as a party solely for indemnification purposes.

Wherefore, Plaintiffs Kevin and Tammy Kovacic prays for judgment in their favor and against Defendant Oneida County on this claim and that Oneida County be required to indemnify all other Defendants for any award of compensatory damages, costs, attorneys fees under 42 U.S.C. § 1988, and any other just relief.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Respectfully submitted,

Kevin Kovacic, plaintiff, *pro se*
X *[signature]*
Tammy Kovacic, plaintiff, *pro se*
X *[signature]*
3762 Glenkirk Ln., Oshkosh, WI 54904
Ph. (920) 765-3451,
Kevinkovacic@yahoo.com
Dated this 8th day of March, 2024