IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

KEVIN KOVACIC, and
TAMMY KOVACIC,

        Plaintiffs,

v.                                                          Case No. 23-CV-642

OCONTO COUNTY,

        Defendant.

## PLAINTIFFS' PRETRIAL REPORT

Plaintiffs, by and through their attorneys, AxePoint Law, respectfully submit the following pretrial report in accordance with the Court's Pretrial Order (Dkt. No. 124).

**A. SUMMARY OF FACTS, CLAIMS, AND DEFENSES.**

    **1. Summary of Facts.**

This is a civil rights action brought under 42 U.S.C. § 1983 arising from a May 20, 2022, traffic stop and arrest in Oconto County, Wisconsin. Plaintiffs Kevin Kovacic and Tammy Kovacic (legally known as Tammy Lively) were transporting hemp products through Oconto County as part of Ms. Kovacic's licensed hemp business, Wautoma Cannabis Queen, LLC.

As part of a multi-jurisdictional drug interdiction operation, law-enforcement officers stopped Plaintiffs' vehicle, conducted a search after a K-9 alert, and discovered several packages of hemp labeled with "fit for commerce" certificates issued by the Wisconsin Department of Agriculture, Trade, and Consumer Protection (DATCP). Despite Plaintiffs' explanation that they were licensed hemp producers, officers seized the hemp, arrested Mr. Kovacic, and booked him into the Oconto County Jail. The hemp was later confirmed by

1

laboratory testing to be lawful hemp, not marijuana, but by that time had lost its commercial value and Plaintiff Kovacic had been detained for days.

Plaintiffs filed this § 1983 action alleging violations of their constitutional rights under the Fourth and Fourteenth Amendments. Following the Court's September 23, 2025 Decision and Order on Summary Judgment, all claims and defendants were dismissed except for the *Monell* failure-to-train claim against Defendant Oconto County.

**2. Summary of Claims.**

The remaining claim for trial is a Monell failure-to-train claim under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), asserted against Oconto County. Plaintiffs allege that Oconto County failed to adequately train or supervise its law-enforcement officers on how to distinguish between legal hemp and illegal marijuana following enactment of the 2018 Farm Bill and corresponding changes in Wisconsin law. Plaintiffs contend that this failure to implement updated training or policy reflected deliberate indifference to the risk that officers would mistakenly arrest lawful hemp producers and seize lawful hemp products. Plaintiffs further assert that this failure was the moving force behind the alleged violation of their Fourth Amendment rights.

**3. Summary of Defenses.**

Oconto County denies any liability under *Monell* and maintains that its training and policies were constitutionally adequate and consistent with federal and state guidance available at the time of the incident. The County asserts that its officers acted reasonably, in good faith, and in conformity with established law when they arrested Mr. Kovacic and seized the plant material later confirmed to be hemp. In sum, the County maintains that its conduct, and that of its officers, did not violate Plaintiffs' constitutional rights and that there is no liability under *Monell*.

2

Case 1:23-cv-00642-WCG   Filed 10/10/25   Page 2 of 6   Document 135

B. **STATEMENT OF THE ISSUES.**

The sole remaining claim for trial is Plaintiffs' Monell failure-to-train claim against Defendant Oconto County under 42 U.S.C. § 1983. All other claims and defendants were dismissed by the Court's September 23, 2025 Decision and Order on Summary Judgment. Accordingly, the issues to be tried are limited to the following:

1. Whether Oconto County failed to adequately train or supervise its officers to distinguish between lawful hemp and illegal marijuana after the 2018 Farm Bill?

2. Whether Oconto County's failure to train or supervise amounted to deliberate indifference to the risk that individuals lawfully engaged in hemp production and transportation would be subjected to unlawful arrest or seizure in violation of the Fourth Amendment?

3. Whether Oconto County's alleged failure to train was the moving force behind the alleged deprivation of Plaintiffs' constitutional rights, including the arrest of Kevin Kovacic and seizure of Plaintiffs' hemp?

4. The nature and extent of damages suffered by Plaintiffs as a result.

C. **PLAINTIFFS' EXPECTED WITNESSES.**

The Plaintiffs expect to call the following witnesses:

1. Tammy Lively aka Tammy Kovacic, 3762 Glenkirk Lane, Oshkosh, WI 54904.

2. Kevin Kovacic, 3762 Glenkirk Lane, Oshkosh, WI 54904.

3. Sandy Koresch, Wisconsin State Crime Laboratories, 1578 South 11th Street, Milwaukee, WI 53204.

4. Oconto County Sheriff Todd Skarban, 301 Washington St, Oconto, WI 54253.

5. Lieutenant Tom Robinson, c/o Forest County Sheriff's Office, 100 S Park Ave, Crandon, WI 54520, (715) 478-3331.

6. Officer Steve Ashbeck, c/o City of Crandon Police Department, 103 S Hazeldell Ave, Crandon, WI 54520, (715) 478-1000.

7. Oconto County Sheriff's Lieutenant Eric Thomson, 301 Washington St, Oconto, WI 54253.

8. Detective Sergeant Darrell Wilson, c/o Forest County Sheriff's Office, 100 S Park Ave, Crandon, WI 54520, (715) 478-3331.

9. Oconto County Sheriff's Deputy Nicholas School, 301 Washington St, Oconto, WI 54253.

10. Sheriff's Deputy Kevin Christensen, c/o Attorney Ronald Stadler, 303-B North Main Street, West Bend, WI 53095, (414) 550-1963.

11. Sheriff's Deputy Michael Short, c/o Forest County Sheriff's Office, 100 S Park Ave, Crandon, WI 54520, (715) 478-3331.

12. Sheriff's Deputy Anthony Crum, c/o Forest County Sheriff's Office, 100 S Park Ave, Crandon, WI 54520, (715) 478-3331.

The Plaintiffs may also call the following witnesses as needed:

1. Any and all witnesses called by Defendant.

2. Any impeachment and rebuttal witnesses as may become necessary.

### D. BACKGROUND OF EXPERT WITNESS.

1. Plaintiff anticipates calling <u>Daniel Delmore</u> as an expert witness to testify regarding the responding officer's lack of probable cause to arrest Mr. Kovacic and seize Plaintiff's property. Specifically, Mr. Delmore is expected to provide expert testimony relating to the opinions contained within his written report, enclosed in 'Plaintiffs' Disclosure of Expert Testimony' which was disclosed to the Defendant's counsel on November 15, 2024, pursuant to Federal Rule of Civil Procedure 26(a)(2).

### E. EXHIBITS TO BE OFFERED AT TRIAL

In addition to the exhibits offered by Defendant, Plaintiffs may offer the following exhibits at trial:

| 1. | Hemp Sample Testing Results |
|---|---|
| 2. | Incident Report of Crandon Police Department |
| 3. | October 2019 Wisconsin Legislative Council Hemp Update |
| 4. | Sirchie "Progressive Chart for Plant Material and Oils" produced by Defendant |

4

| | |
|---|---|
| 5. | Oconto County Policy 207 |
| 6. | NETCDEG Assistance Agreement |
| 7. | Lieutenant Thomson Email Correspondence regarding hemp testing |
| 8. | Photos of Personal Property Seized by Officers, produced by Defendant (Skarban 00521-0551) |
| 9. | May 10, 2018 WI DOJ Bulletin re Industrial Hemp Pilot Program |
| 10. | Incident Report of Lieutenant Thomson (Skarban 00409-00418) |
| 11. | Incident Report by Detective Sergeant Darrell Wilson |
| 12. | Incident Report by Lieutenant Tom Robinson |
| 13. | May 26, 2022 "Press Release of Friday, May 20th, 2022 Criminal Interdiction" (Skarban 00588) |
| 14. | April 2020 Wisconsin Crime Labs Hemp Bulletin |
| 15. | Division of Forensic Sciences Evidence Handbook pages 241-244 |
| 16. | Wisconsin State Crime Labs Controlled Substances FAQ Sheet |
| 17. | Kevin Christensen's Law Enforcement Training History Report |
| 18. | Eric Thomson's Law Enforcement Training History Report |
| 19. | Nicholas School's Law Enforcement Training History Report |
| 20. | Michael Short's Law Enforcement Training History Report |
| 21. | Darrell Wilson's Professional History Report |
| 22. | Anthony Crum's Professional History Report |
| 23. | Steven Ashbeck's Law Enforcement Training History Report |
| 24. | Body Camera Footage taken by Officer Skarban on May 20, 2022 |
| 25. | Body Camera Footage taken by Officer Wilson on May 20, 2022 |
| 26. | Body Camera Footage taken by Officer Robinson on May 20, 2022 |
| 27. | Eric Thomson Discovery Responses (For impeachment) |
| 28. | Tom Robinson Discovery Responses (For impeachment) |
| 29. | Todd Skarban Discovery Responses (For impeachment) |
| 30. | Nicholas School Discovery Responses (For impeachment) |
| 31. | Deposition Transcript of Daniel Delmore - April 25, 2025 |
| 32. | Report of Plaintiffs' Expert Daniel Delmore |

**F. DEPOSITION DESIGNATIONS.**

Plaintiffs do not anticipate readying any deposition transcript as substantive evidence but Plaintiffs may use depositions taken for some of the named witnesses for recollection and/or impeachment purposes. These include the depositions of Tammy Kovacic, Kevin Kovacic, and Daniel Delmore.

**G. ESTIMATED LENGTH OF TRIAL**

Plaintiffs believe that the case will take 3 days to try, including voir dire and jury deliberations. Trial has been scheduled for Monday, November 17, 2025.

### H. VOIR DIRE PROPOSED QUESTIONS

Plaintiffs agree to the Court's standard voir dire questions, and requests that additional questions be asked as identified in Plaintiffs' proposed voir dire questions filed contemporaneously with this report.

### I. JURY INSTRUCTIONS

Plaintiffs agree to the Court's standard jury instructions, with the exception that Plaintiffs request modifications and additions to the standard instructions as identified in Plaintiffs' proposed jury instructions which are filed contemporaneously with this report.

### J. PROPOSED VERDICT FORM

Plaintiffs' proposed verdict form is being filed contemporaneously with this report.

Respectfully submitted this 10th day of October 2025.

**AxePoint Law**
*Attorneys for Plaintiffs*

Electronically signed by:
s/Samantha H. Baker
State Bar No. 1101385
s/O. Emil Ovbiagele
State Bar No. 1089677
s/Connor J. Dartt
State Bar No. 1121857

826 N Plankinton Ave., Suite 600
Milwaukee, WI 53203
(414) 585-0588 (office)
(414) 255-3031 (fax)
samantha@axepoint.com
emil@axepoint.com
connor@axepoint.com