UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN KOVACIC and
TAMMY KOVACIC,
*a/k/a Tammy Lively*,

        Plaintiffs,

    v.                                  Case No. 23-C-642

OCONTO COUNTY,

        Defendant.

## DECISION AND ORDER

Plaintiffs Kevin and Tammy Kovacic, represented by counsel at trial but now proceeding *pro se*, filed a Notice of Appeal from this court's November 24, 2025, final judgment following a November 20, 2025, jury verdict against Plaintiffs and in favor of Defendant, as well as from all prior orders, evidentiary rulings, and post-trial orders. Dkt. No. 154. Plaintiffs filed corresponding motions to proceed *in forma pauperis* on appeal and a motion for trial transcripts at the Government's expense, which the court granted. Dkt. No. 163. Then, costs of trial were taxed against Plaintiffs in the amount of $2,279.72. Dkt. No. 164. This matter is now before the court on Plaintiffs' motion for judicial review of the clerk's taxation of costs pursuant to Fed. R. Civ. P. 54(d)(1). Dkt. No. 165.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "[I]n addition to being authorized by a statute, a cost must be both reasonable and necessary to the litigation for a prevailing party to recover it." *Little v. Mitsubishi Motors N. Am., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008). Although district courts may exercise discretion in awarding costs, "the

discretion is narrowly confined because of the strong presumption created by Rule 54(d)(1) that the prevailing party will recover costs." *Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997).

The Seventh Circuit has recognized "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "[I]ndigence does not automatically excuse the losing party from paying the prevailing party's costs." *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (citing *Luckey v. Baxter Healthcare Corp.*, 183 F.3d 730, 733–34 (7th Cir.1999)). The "district court must make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future." *Id*. (quoting *McGill v. Faulkner*, 18 F.3d 456, 460 (7th Cir.1994)) (cleaned up). The losing party bears the burden of providing the district court with sufficient documentation to support such a finding, such as affidavits or other documentary evidence of income, assets, and expenses sufficient to show the non-prevailing party's "dire financial circumstances." *Id.* And a district court "should consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case when using its discretion to deny costs," and "provide an explanation for its decision to award or deny costs." *Id.*

The costs taxed in this case include $1,853.85 for transcripts necessarily obtained for use in the case; $343.80 for witness fees, consisting primarily of milage reimbursement; and $82.07 for exemplification and the costs of making copies of trial exhibits necessary for the case. Dkt. Nos. 164, 149, 149-2.

In their motion (Dkt. No.165) and subsequently filed "supplemental declaration" (Dkt. No. 166), Plaintiffs argue that taxation of costs is improper for several reasons. First, Plaintiffs are

2

indigent and have been granted leave to proceed *in forma pauperis* on appeal in this case. *Id.* at 1. Next, Plaintiffs contend that the inappropriate conduct by local government actors leading to this lawsuit interfered with Plaintiffs' fledgling business and rendered them unable to pay. *Id.* at 2. Further, Plaintiffs argue that it is unreasonable for the County to seek $343.80—including reimbursement of $0.70 per mile for a total of 434 miles—as reimbursement for one witness, Officer Ashbeck, to travel from Michigan to testify as a member of local law enforcement. Dkt. No. 166 at 1–2. Plaintiffs argue such a mileage rate is unreasonable in light of Kevin's own reimbursement rate of only $0.25 for medical transportation under his social security disability income. *Id.* at 2. Finally, Plaintiffs maintain separate households and are independently incapable of paying. Kevin is on a fixed Social Security Disability Insurance income and has no discretionary income after expenses. Tammy receives food stamps from the government, has no income, and is awaiting a disability ruling after an injury to her arm. Dkt. No. 165 at 2.

In response, the County argues that the indigency exception to Fed. R. Civ. P. 54(d)(1) should not apply here because Plaintiffs have not shown an inability to pay at some point in the future. Dkt. No. 167 at 2. The County stresses that this court's decisions regarding *in forma pauperis* status on appeal and transcripts at the government's expense did not require a finding of future inability to pay and are not dispositive on this issue. Regarding Plaintiffs' specific objection to reimbursement for Officer Ashbeck, the County explains that Officer Ashbeck works multiple jobs and was located in Bessemer, Michigan during the trial. And the reimbursement rate of $0.70 per mile is set by statute and not subject to the subpoena-serving party's discretion. Finally, Plaintiffs' assertions that they are disabled, on a fixed income, and cannot presently afford to pay is not enough. The County argues Plaintiffs have not shown they, either together or independently, have no prospects of paying in the future.

The court has considered the above arguments, as well as the affidavits submitted to the court in support of Plaintiffs' *in forma pauperis* motions and the itemized bill of costs. The court concludes that there was a basis for each of the expenses included in the itemized bill of costs. Notwithstanding this conclusion, however, the court finds Plaintiffs have made a sufficient showing that they will be incapable of paying costs, either now or in the future. While it is impossible to predict the future, Kevin is currently on disability, and Tammy is awaiting a disability determination. Even if her application for disability is denied, she appears to have little income earning capacity. The amount of costs, $2,279.72, is relatively modest, but it appears that resuming any form of gainful employment is unlikely for either Plaintiff due to medical conditions from which each suffers.

The court is further convinced that the primary claims asserted by Plaintiffs, though unsuccessful, raised important issues concerning how drug interdiction efforts are to be conducted in the aftermath of the legalization of hemp. Moreover, while none of the defendants were found liable, it is undisputed that laboratory test results ultimately proved that the suspected marijuana they were transporting was in fact legal hemp. Thus, despite the fact that they were not in violation of the law, Kevin spent three days in jail and Tammy lost the value ($1,000) of the hemp that was seized. Given these facts, in addition to their indigency, the court concludes that costs should not be awarded. Accordingly, the court will **GRANT** Plaintiffs' motion (Dkt. No. 165) and deny the award of costs to Defendant.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of February, 2026.

William C. Griesbach
United States District Judge