KEVIN KOVACIC and
TAMMY KOVACIC,
*a/k/a Tammy Lively*,

       **Plaintiffs,**

       **v.**                       **Case No. 23-C-642**

OCONTO COUNTY,

       **Defendant.**

## ORDER DENYING RULE 60(b) MOTION

Plaintiffs Kevin and Tammy Kovacic brought this 42 U.S.C. § 1983 action for damages against fifteen law enforcement officers and the two counties and city that employed them for allegedly violating their rights in the course of a traffic stop that led to the arrest of Kevin and seizure of Tammy's legal hemp. Prior to trial, the court found that the individual law enforcement defendants were entitled to qualified immunity and granted summary judgment on that basis in their favor. Summary judgment was denied as to the *Monell* claim against Oconto County, however, and that claim proceeded to trial. At the conclusion of a three-day trial, a jury returned a verdict finding that the officers did not violate either Plaintiff's rights and, thus, the claim against Oconto County failed. Shortly thereafter, the attorneys who represented Plaintiffs at trial withdrew, and Plaintiffs appealed *pro se*. The case is currently before the court on Plaintiffs' motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(3) on the ground that the defendants engaged in a coordinated scheme of fraud on the court. Dkt. No. 173. For the reasons set forth below, the motion will be denied.

A court may relieve a party from a final judgment upon a showing of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *Harold Washington Party v. Cook Cnty., Ill. Democratic Party*, 984 F.2d 875, 879 (7th Cir. 1993). Importantly, a motion under Rule 60(b) "should not be treated as a substitute for an appeal." *Inryco, Inc. v. Metro. Eng'g Co.*, 708 F.2d 1225, 1230 (7th Cir. 1983). Indeed, in this case, Plaintiffs have already appealed to the Seventh Circuit, which remains pending.

When an appeal is pending, a district court may entertain a Rule 60 motion, but a "district court cannot grant a Rule 60(b) motion without a remand." *Moore v. Johnson*, No. 3:15-CV-01095-DGW, 2018 WL 5013821, at *2 (S.D. Ill. Oct. 16, 2018) (quoting Fed. R. Civ. P. 62.1 advisory committee's notes). When an appeal is pending, a district court "can entertain the motion and deny it, defer consideration, or state that it would grant the motion if the court of appeals remands for that purpose or state that the motion raises a substantial issue." *Id.* (quoting Fed. R. Civ. P. 62.1 advisory committee's notes); *see also Drs. Nursing & Rehab. Ctr. v. Sebelius*, 613 F.3d 672, 677 (7th Cir. 2010); *Chi. Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 370 (7th Cir. 1991); *Simons v. Gorsuch*, 715 F.2d 1248, 1252 (7th Cir. 1983).

To succeed under Rule 60(b)(3), a movant must prove by clear and convincing evidence that "(1) it maintained a meritorious claim at trial; and (2) because of the fraud, misrepresentation or misconduct of the adverse party; (3) it was prevented from fully and fairly presenting its case at trial." *Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 726 (7th Cir. 1996) (citation modified); *see also Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) ("A party seeking to set aside a judgment under Rule 60(b)(3) or the court's inherent power must prove fraud by clear and

2

convincing evidence.”); *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 536–37 (7th Cir. 2003) (“[F]raud, when alleged as a basis for relief under Rule 60(b)(3), must, as was traditionally the case when fraud is alleged, be proved by clear and convincing evidence.”); *McGraw v. City of Chicago*, No. 01 C 9575, 2006 WL 8461423, at *3 (N.D. Ill. June 1, 2006) (“[C]onclusory averments of the existence of fraud . . . unaccompanied by a statement of clear and convincing probative facts . . . do not serve to raise the issue of the existence of fraud, much less to carry the burden of resolving that issue.” (quoting *Harris v. County. of Cook*, 202 F.3d 273 (7th Cir. 1999))). The court must weigh “the finality of judgment against the fundamental fairness in light of all the facts.” *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995) (citing *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981)).

In their motion, Plaintiffs argue that the court must vacate its earlier summary judgment order and its entry of final judgment following the jury trial because of a “coordinated scheme of fraud” upon the court perpetrated by several current and former defendants, including allegedly false reports of a marijuana pipe being seized during the traffic stop at issue in this case, incomplete or altered transcript submissions, and testimony at trial that contradicted certain video evidence. *See* Dkt. No. 173 at 2–5. Defendants contend that Plaintiffs' arguments boil down to a mischaracterization of evidence presented at summary judgment and trial and do not equate to misrepresentation or fraud. Defendants deny there is a factual basis for the “coordinated perjury” accusation and note that Plaintiffs fail to cite anything in the record to show intentional misrepresentations by any party or witness. Further, Defendants note that Plaintiffs have failed to submit any evidence of supposed modifications to Kevin's deposition transcript. Lastly, Defendants argue that Plaintiffs cannot show they were deprived of the opportunity to fully and fairly present their case at trial: Plaintiffs' counsel presented body camera footage from the

3

officers, questioned their expert and several officers, and cross-examined Defendant Oconto County's witnesses, but were unable to convince the jury that Kevin's arrest or the seizure of Tammy's hemp was illegal.

Plaintiffs rely heavily on what they call the "marijuana pipe fabrication," claiming that both the court at summary judgment and the jury at trial improperly relied upon such a pipe's existence in reaching their decisions. Plaintiffs' argument centers on how a certain item found in Plaintiffs' vehicle was described in police reports and at trial. To the extent Plaintiffs are arguing the eventual confirmation that the hemp was legal renders the police reports' descriptions of other items fraudulent, Plaintiffs are mistaken. The issue at summary judgment and at trial was what the officers knew at the time. In granting summary judgment to the individual law enforcement defendants, the court considered the totality of evidence, not any one item. Dkt. No. 123 at 24–25. Thus, even without the alleged improvised smoking device, the court's decision on summary judgment would have been the same.

As for the trial, that the item was described at various times as a "marijuana pipe," an "improvised device appearing to be used to smoke marijuana," or something else, even though false, does not rise to the level of a fraud warranting a new trial. Plaintiffs had the opportunity to confront the officers who so characterized the item as a marijuana pipe at trial and, in fact, did effectively do so, thereby undermining the officers' credibility. The fact that the jury nevertheless found in favor of the defendants suggests the officers' characterization was not material. This was not a case where officers are alleged to have planted a marijuana pipe or other evidence in Plaintiffs' car and thereafter included it in their reports. In other words, to the extent the officer's characterization of the evidence was false, it was shown to be so at trial and thus cannot form the basis of a motion to vacate the trial now.

Plaintiffs also point to statements made by officers prior to arresting Kevin, the officers' supposed lack of knowledge regarding Kevin's criminal history, the legality of Plaintiffs' vehicle's window tint, alleged inconsistencies between testimony at trial and the body camera footage shown to the jury, the officers using prior arrests as an isolated legal "trigger" for the arrest, and statements made in a blog post by the law firm representing Oconto County at trial. The court has considered these statements and finds that none of them, by themselves or taken together, demonstrate fraud on the part of the defendants or their attorneys. As the court explained in its summary judgment decision, Plaintiffs abandoned the claim that the stop of their vehicle for violation of window tint regulations was illegal by failing to include it in their second amended complaint. Dkt. No. 123 at 9–10. The question of what information the officers had concerning Kevin's pending charges and prior record was fully aired at trial. The fact that Plaintiffs believe the officers lied is not a reason to grant a new trial on grounds of fraud. And the post-trial blog posts by counsel for defendants are irrelevant to what occurred at trial.

Finally, Plaintiffs argue Defendants intentionally modified a deposition transcript to conceal certain conversations between Kevin and another party. However, Plaintiffs have not submitted sufficient evidence to show any modification of the deposition transcript. It appears, instead, Plaintiffs are suggesting the court reporter should have continued to transcribe a conversation that occurred after Kevin began asking questions of another party present and his counsel called for a recess. Even if true, the deposition played no role in the trial of this action, and if Kevin had additional relevant testimony to offer, he was free to do so at trial, regardless of what was included in his deposition.

In sum, Plaintiffs have failed to allege evidence of fraud that would warrant vacating the judgment under Rule 60(b)(3). Accordingly, Plaintiffs' motion for relief from the summary

5

judgment order and the final judgment following a jury verdict under Rule 60(b)(3) (Dkt. No. 173) is **DENIED**.

SO ORDERED at Green Bay, Wisconsin this 1st day of May, 2026.

William C. Griesbach
United States District Judge